IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2022 Session

## GENEVIEVE THOMAS v. CASS CLAY THOMAS

**Appeal from the Circuit Court for Shelby County**
**No. CT-003904-15   James F. Russell, Judge[1]**

————————————————————

### No. W2021-01092-COA-R3-CV

————————————————————

This is an appeal of a divorce case involving the awarding of alimony and the division of marital property.  The trial court entered an order summarily denying the wife's various motions, including a motion to alter or amend the judgment.  Upon our review of the record, we vacate the trial court's order and remand for a review pursuant to Rule 63 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

J. Noble Grant, III, Jackson, Tennessee, for the appellant, Genevieve Thomas.

Cass Clay Thomas, Bartlett, Tennessee, Pro se.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Pursuant to a final decree entered on September 25, 2017, Genevieve Thomas ("Wife") and Cass Clay Thomas ("Husband") were declared divorced.  Notwithstanding the trial court's declaration of divorce, issues remained concerning the parties' marital debt and assets.  Accordingly, the trial court referred the matter to a special master who conducted a hearing on March 27, 2018.[2]  Subsequent to the hearing, the special master

---

[1] Judge Russell has retired as of August 31, 2022, and the case shall be remanded to his successor for further proceedings.

[2] There is no order of reference contained in the record specifically delineating the special master's duties; however, based on our review of the record, it appears the matters at issue concerned the household

filed her report on April 17, 2018, and later filed an amended report on June 12, 2018. On July 3, 2018, Wife filed exceptions to the special master's report. On August 13, 2018, an order was entered by the trial judge assigned to the case at the time, confirming certain parts of the special master's recommendations and modifying others.

On September 5, 2018, Wife filed two motions, including a motion to reconsider the trial court's ruling regarding the marital home and a motion for a new trial or to alter or amend the judgment or for relief pursuant to Rule 60. Subsequently, Wife retained new counsel, and an order was thereafter entered on February 6, 2019, continuing the hearing to allow Wife's new counsel to become familiar with the transcript in the matter. On September 23, 2019, the trial judge recused herself due to a conflict that had arisen. As a result, the case was reassigned to another judge. On May 10, 2021, a hearing was held on all the outstanding motions in the case before the newly assigned judge. [3] On September 13, 2021, the successor judge entered an order stating that he "did not try the case and is not familiar with the facts and the parties and is of the opinion that ruling upon these motions is inappropriate." According to the successor judge, "this court is of the opinion that the proper venue for Plaintiff would be the Court of Appeals; as such her pending motions are denied." This appeal followed.

## DISCUSSION

Wife raises several issues for our review, including that the "trial court erred in failing to properly decide the post-trial motions filed by Wife." As discussed herein, we conclude the manner in which the trial court disposed of these motions to be dispositive of this appeal. Here, the trial court summarily denied the motions, determining that, since it had not tried the case, it was "inappropriate" to issue a ruling on them. For the reasons stated below, we vacate the trial court's order denying Wife's motions.

Rule 63 of the Tennessee Rules of Civil Procedure "governs situations when a case must be assigned to another judge because the judge originally presiding over the case is unable to proceed." *Shofner v. Shofner*, 181 S.W.3d 703, 711 (Tenn. Ct. App. 2004). Specifically, the rule provides:

> If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a trial or hearing without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue

---

debts and assets.

[3] In addition to the aforementioned motions filed by Wife on September 5, 2018, the record reflects that other motions were filed by her new counsel both before and after the trial judge's recusal.

burden.  In any trial or hearing with or without a jury, the successor judge may recall any witness.

Tenn. R. Civ. P. 63.

The previously-cited *Shofner* decision has parallels to the case at bar and is instructive as to the responsibilities successor judges must exercise pursuant to Rule 63. The *Shofner* case involved a custody dispute where the initial trial judge disqualified herself and the case was thereafter assigned to a new judge. *Shofner*, 181 S.W.3d at 706. The successor trial judge refused to consider one of the parties' motions and also refused to consider a previous parenting plan because she did not issue the prior order. *Id.*  On appeal, we noted that in situations where Rule 63 is applicable, "[t]he newly assigned judge must either certify familiarity with the record and determine that the proceedings may continue without prejudice to the parties[4]  or grant a new trial." *Id.* at 711.  Moreover, "[t]he successor judge may not proceed in a case without making the requisite certifications." *Id.*  As such, this Court determined that the successor trial judge in *Shofner* had erred in failing to certify her familiarity with the record or, in the absence thereof, order a new trial. *Id.* at 712.

Similarly here, the successor judge noted that he "did not try the case and is not familiar with the facts and the parties and is of the opinion that ruling upon these motions is inappropriate."  The successor judge then summarily denied Wife's pending motions.[5] There is no indication in the record that the successor trial judge ever certified his familiarity with the record or even attempted to do so.  In fact, the plain language of the order indicates quite the opposite.  We find this to be a clear contravention of Rule 63 as "there is no room for discretion regarding compliance" with the Rule. *Id.*  "The plain language of the rule demonstrates that it applies to *all cases* in which a successor trial judge replaces a trial judge who is unable to proceed." *Id.* (emphasis added).  As such, the successor judge here had a duty to comply with Rule 63 and either certify familiarity with the record and find that continuing the proceeding would not prejudice the parties or, in the alternative, order a new trial.  The successor judge in this case did neither.  We find this to be clear error and violative of the trial court's obligations pursuant to Rule 63.

---

[4] "[I]f a successor trial judge decides to permit a legal proceeding to continue, the judge must consider and dispose of any post-trial motions made either before or during the successor judge's involvement in the case.  If the successor judge is satisfied that he or she cannot perform the duties imposed by the procedural rules with respect to the particular case, the successor judge is empowered to and must order a new trial." *Id.* at 714 (citing 12 MOORE'S FEDERAL PRACTICE § 63.05).

[5] Curiously, the successor judge appeared to suggest that the appropriate venue for Wife to pursue her motions was this Court.

## CONCLUSION

Based on the foregoing, we vacate the trial court's September 13, 2021, order and remand the matter for compliance with Rule 63.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
